And we'll move to our second case this morning, United States v. Markell Dixon. All right. Good morning. I see Ms. Christensen. Good morning. Welcome. And Mr. Keenstra is here. So, Ms. Christensen, you may proceed. Thank you, Your Honor. May it please the Court. My name is Joanna Christensen, and I represent the appellant Markell Dixon in this case. The Iowa crime of intimidation with a dangerous weapon is not a crime of violence under the Guidelines for two primary reasons. First, it can be committed without violent force, and second, it criminalizes force against people and property, which makes it overbroad considering the Guidelines definition of a crime of violence. The force must be violent force capable of causing physical pain and injury. And while this statute allows for intent to injure or provoke fear, it also allows merely an intent to anger, which does not require violent force or physical pain or injury. But there's still, Ms. Christensen, that's correct, but a separate element requires that there be reasonable apprehension of serious injury. Why wouldn't that element require the use of physical force? Well, the statute's an interestingly written one, and the force is in the first portion of this paragraph and refers directly, really, to the intent to provoke fear, anger, and then the reasonable apprehension is later on. And one might think that use of force and fear of injury are not necessarily the same, one and the same. Use of force can cause fear of injury, but fear of injury can also be caused without force. And the fact that the element comes later than the use of force portion of the statute indicates that there's some separation there. It's also an interesting statute because that element essentially reads out the anger part of the intent portion in the first part of the paragraph. I don't follow that. Yeah, I don't either. And regardless of how many words there are between the elements, it's still a separate element, right? Putting people in reasonable apprehension of serious injury. And I agree you can do that without actually applying physical force. Can you do it without threatening physical force? Well, I think— Describe the scenario for me. I've got to say, reading the briefs, I was sort of reminded of the horse head scene in the original Godfather movie. Maybe that's a good example. Not, however, involving, you know, shooting, throwing, launching, although I suppose if it was a horse. It is hard, and I've been trying, to find a situation that would involve intent to anger and a reasonable apprehension of serious injury because they seem not to match each other. So I think— Let me ask a slightly off-the-wall question, Ms. Christensen. We're talking here about an issue under the advisory guidelines, right? Correct. And as I understand it, we don't have any indication from the district judge here that this decision about the classification would not have affected the decision on the ultimate sentence. But in a rational and non-arbitrary sentencing system, why should the final decision depend at all on the distinctions that you are understandably trying to draw regarding this statute? Sure. I think that that's—I agree, Your Honor. That's inherent in the way we apply the guidelines post-Booker. I think we engage in these analyses for a crime of violence. And then in the end, the district court can impose a sentence disregarding the enhancement we're speaking of either way, up or down on the guidelines. So—but this court has required that we go through this categorical approach. I understand that. I understand that. But I'm trying to draw on a different body of law from administrative law. If an executive agency made a decision about an important issue and the decisive considerations were the kind of abstract hypotheticals that become the focus in applying the categorical method on these sentencing enhancements, I don't think we'd have any trouble saying that that was arbitrary and capricious, basing an important decision on such kind of attenuated hypotheticals. I would probably agree with you, Your Honor, in that scheme. Unfortunately, that's not exactly the scheme we have in the criminal law. Fair enough. With the sentencing guidelines. Let me ask a different question. Could we rule in your favor without creating a circuit split with the Eighth Circuit on this statute? I think so. I mean, the Eighth Circuit has really spoken in two cases, Langston and Love, and Langston a couple times. But the first, Langston, was based on the residual clause, which was then, of course, sent back after Johnson, 2015 Johnson. And then they removed two of his prior convictions. He's no longer an armed criminal. He apparently doesn't appeal again. So it's a different analysis that was done. It also is a different analysis because, for whatever reason, the attorneys did not raise in that case this force issue or the force against person and property. That's kind of a later issue that's come up in more force lately because of the kind of building cases, Bridges being the most recent significant case, distinguishing the use of force against people and property in the guidelines, particularly. So and Love follows Langston. It's an unpublished case. Doesn't hold a lot of precedential value. So I think this court could issue an opinion that is more in line with Jaime Jaime, where it does not require that sort of analysis. And it's not necessarily a circuit split because the court can make the decision under either one of the arguments that we've made the use of force or the I'm sorry, the type of force. And then the force against person or property. Could I just try once more? Miss Christensen to ask you to describe a scenario that you think would violate the Iowa statute without involving at least threatened force against a person to create that reasonable apprehension of serious injury. Sure, the best I can come up with is that there's someone who, you know, the intent to provoke anger and is not the person who's occupying the building. And as the government conceded the defendant does not have to know the building is occupied. That's not one of the elements. And so that could be a person who's behind or in the vicinity where the defendant is making the threat to commit this act of force against the property. And then the reasonable apprehension of injury might be the people inside that the defendant necessarily doesn't know are there. That's the best scenario. I've been able to come up with that seems to incorporate the whole statute, including the anger portion of it. So if the person behind is provoke anger and then the reasonable apprehension of injury, it's still it's not a perfect example. I recognized it's a hard statute to fit each element of. So I think unless the court has further questions, I see I'm into my rebuttal. So I will reserve the remainder of my time. That's fine. Thank you. Mr. Keenstra. Good morning. May it please the court. My name is Jeff Kinstra and I represent the United States. Using a dangerous weapon into an occupied building, thereby placing the occupants in reasonable apprehension of serious injury necessarily entails at least a threatened use of force against those people, making it a crime of violence under the guidelines. And there are a couple of ways to conceptualize, I think. And one, as your honors have keyed in on this morning, is the fear of serious injury requirement. The offense requires the use of a dangerous weapon, and it's that use of a dangerous weapon that has to cause the statute says thereby places the person in fear. So it's that use of the dangerous weapon that has to cause the person to fear serious injury. Fear of serious injury necessarily entails fear of force capable of causing that injury, making it fear of violent force under the guidelines. The other way of conceptualizing this is through the lens of assault with a dangerous weapon. So the Iowa Supreme Court has authoritatively held as a matter of Iowa law that it's impossible to commit intimidation with a dangerous weapon without also committing assault under Iowa law. And as this court has held, assault when committed with a dangerous weapon necessarily entails at least a threatened use of force against the person. In fact, the Eighth Circuit has held that every version of assault under Iowa law when committed with a dangerous weapon is a crime of violence under the guidelines. A potential problem with that analogy is that the target of this offense is the structure, not the person. And the shooter or whoever is launching or discharging a dangerous weapon or throwing it into an occupied building need not know that the building is occupied in order to be convicted, as I understand this statute. So a couple things about that. First, it's true enough that the statute can involve the use of force against property, but that use of force necessarily implies a threatened use of force against the people because it has to actually, in fact, place the people in reasonable apprehension of serious injury. Well, that's a consequence. It doesn't have to be an intended consequence, right? I mean, the element is that the government has to prove that that resulted, but that does not have to be the object. The object is intent to injure, which obviously would qualify, and as Ms. Christensen points out, provoke fear or anger is a little more expansive and may sweep in something that's broader than the force clause in the guidelines. So the elements of the state statute don't spell out quite in so many words that the place has to be occupied. I think, practically speaking, it does, and there are, I think, two ways of getting at that. The first is that the Iowa Supreme Court has held that the reasonable fear of serious injury requires considering both the state of mind of the defendant and the victim, so the victim actually has to fear serious injury, and it has to be reasonable from the perspective of the defendant. And also, the Iowa Supreme Court, as I mentioned, has held that the offense requires, in fact, committing an assault, that it's impossible to commit this offense without committing an assault. And under Iowa law, assault is defined as an act intended to cause pain, injury, or offensive conduct or an act intended to place another in fear of such conduct. So I think, functionally, it does require knowing that the building is occupied and that the people in the building are going to be placed in fear through the act. Is that what the jury instructions say? That the government has to prove that, not the government, the state. Right. As I mentioned, not in so many words. The Iowa Supreme Court has held that it's necessarily implied through the elements, that assault is a lesser… Prosecutors in Iowa take that to the bank and include that in their jury instructions. It is not in the pattern jury instructions, and I imagine that prosecutors don't add it to those jury instructions, but again, the Iowa Supreme Court has… It doesn't have to be proven. I think proving the elements in the instructions the Iowa Supreme Court has held necessarily entails proving the assault. Intent to put the other in apprehension of serious injury is not an element of this offense, either on the face of the statute or in the jury instructions. That's correct. Or in any case, the fact that the Iowa Supreme Court has some language in a case that says it's analogous probably isn't enough to elevate that intent to an element of the offense. I think it's more direct than that. The Iowa Supreme Court held in State v. Young that assault is a lesser included offense of intimidation with a deadly weapon. This offense cannot be committed as a matter of state law without also committing assault. I think it's important that here the offense requires an intentional act, an intentional use of a dangerous weapon, and that intentional act has to actually place a person in reasonable fear of serious injury. I think that really brings us in line with the court's decision in Duncan, which involved intimidation, a federal bank robbery by intimidation. There it really paralleled that it requires an intentional act, and the defendant argued there that you don't have to specifically intend that the person be in fear. But the court held that it's an intentional act, and it in fact places a person in fear, which is a threatened use of force against the person. Do you have any thoughts on Judge Hamilton's question about the essential arbitrariness of this whole enterprise? I agree that sentences, practically speaking, should rarely, if ever, depend on these sorts of distinctions. I think that here Chief Judge Darrow did critically analyze... This is a 64,000 feet question, so it doesn't matter what Judge Darrow did or didn't do here. Apply the law. It's a systemic question. Yeah, and I think... Akin to the Johnson question, is this whole thing unconstitutionally vague or arbitrary and capricious? Certainly we don't believe that it's unconstitutionally vague. The Supreme Court has applied the Elements Clause even in circumstances where it is subject to constitutional vagueness challenges, and it is not held that way. You know, I did get to a point with the Residual Clause where that whole exercise proved unworkable. Well, the good news on this front is that the Sentencing Commission has proposed getting away from the categorical method, but they haven't had a quorum since late 2018 that can actually implement those amendments. That's correct. You know, I'm not sure what I can say about that. I think it's constitutional. To the extent that I think it rarely should affect a judge's decision, but it does factor into the guidelines calculation, and so there is an aspect of avoiding disparities that it's possible that judges would attach at least some weight. If it's in the guidelines, so doesn't it almost inevitably have an impact on the decision? I wouldn't put it that strongly. I think it often does. I think the more abstract we go down in the categorical approach, I think the less effect it actually has, because judges realize, as Your Honors have noted, that this really has no effect on this particular defendant's culpability, and so it really ought to have little, if any, impact on his sentence. But, of course, the guidelines range are important, and so they do factor in, at least at the outset, they can have an anchoring effect in some cases. Well, and most, or at least many defendants come into court with prior convictions that have to be classified either statutorily or under the guidelines when it comes time for sentencing, so this consumes a great deal of judicial and attorney time and energy, and has a material effect on sentences, clearly. It does, and if the sentencing commission sees fit to abandon the categorical approach, I think that would increase judicial efficiency and would have many potential benefits if that comes about. Until then, I think we're stuck with the categorical approach until the Supreme Court tells us otherwise. Unless there are any other questions, I believe the district court properly calculated this as a crime of violence. Thank you. Thank you, Your Honors. Ms. Christensen? Thank you, Your Honors. A couple points quickly. Judge Hamilton asked about splitting with the Eighth Circuit. I think it's important to note that there are circuits that have evaluated statutes like this that actually fall on the other side, where it's, you know, shooting into a structure, and there's property in person, that's not a crime of violence. But those circuits didn't deal with statutes that had this extra element of a reasonable apprehension of serious injuries, did they? That's, I think, what the real distinction is here. Yes, well, and I think the anger portion, you know, I keep bringing up the anger portion, I think that's a unique portion of this Iowa statute that has to be dealt with, and that brings me to the assault, and I know that the Iowa Supreme Court has said that assault is a lesser occluder in offense of this statute. It's hard to, again, square that with the anger portion of that element. And, again, I looked for Iowa cases that involved either assault, just with anger, this with just causing anger, it doesn't seem to be out there. I'm not sure how much it's prosecuted. But it's not a categorical fit. I also would like to just hit back on that the force in this is directed against the property, and force is also against an assembly of people, but it can be both. And under Bridges, the analysis there, the end result would be that this is not a crime of violence. So I would ask this court to reverse and remand for resentencing. Thank you. All right, thanks very much. Our thanks to both counsel. The case is taken under advisement.